COLORADO CANAL COMPANY v. GEORGE E. MAYES.

Decided February 11, 1905.

**Contract to Furnish Water—Breach.**

Plaintiff rented rice lands owned individually by one who was also president of defendant canal company, and who told plaintiff that he had a contract with the canal company for water for the ensuing year, and that plaintiff could arrange for the necessary water at the proper time. Accordingly plaintiff moved onto the land, and applied to the general manager of the company for the construction of a lateral and a contract for water, but was informed that the company would not construct the lateral, but that he could go ahead and plant his rice, and the company would later give him a contract for the necessary water. This he did, and, on his demand for a contract, was tendered one such as had been tendered other tenants, which he refused. Held, that plaintiff had no cause of action for breach of a contract to furnish water, since he only had the promise of a contract, and this he refused when offered.

Appeal from the District Court of Matagorda. Tried below before Hon. Wells Thompson.

*Gaines & Corbett,* for appellant.—A contract, in order to be complete and binding upon parties, and in order to form the basis of an action for damages, must consist of an acceptance as well as an offer, and the acceptance must be identical with the offer. Leonard v. Porter, 3 Texas Civ. App., 431; Flomerfelt v. Hume, 11 Texas Civ. App., 32; Anson on Contracts (2d Am. Ed., Knowlton), 23; Clarke on Contracts, 34.

*W. S. Holman,* for appellee.

GILL, ASSOCIATE JUSTICE.—In the winter of the year 1901 George E. Mayes rented from John F. Holt three hundred acres of land to be planted in rice, agreeing to pay therefor a cash rental of $3 per acre. Holt owned the land individually, but he was also president of an irrigating company called the Colorado Canal Company, and told Mayes he (Holt) had a contract with the canal company for water for the year 1902, and that he (Mayes) could arrange with the canal company for the necessary water at the proper time. The land in question was situated a considerable distance from the canal of the company, and no lateral had at that time been built in the direction of the Mayes land.

Mayes moved on the land and applied to one Le Tulle, the general manager of the canal company, for the construction of the lateral and a contract for water for 1902. He was informed by Le Tulle that the company would not construct the lateral, but that he could go ahead and plant his rice, and that the company, when it got ready to make water contracts, would give him a contract for the necessary water.

In pursuance of this conversation with the general manager, and with this knowledge in mind, Mayes proceeded to plant a crop of rice. When water became a necessity he demanded it, and was tendered a written contract such as had been tendered to other tenants. This he refused to sign or accept. Later on, and too late to save his crop, the company furnished him some water, but not enough. For lack of sufficient water he made a poor crop, and complains in this suit of Holt and the canal company as the parties responsible for his losses.

He made Holt and the canal company parties defendant, complaining against Holt on his guaranty of water in connection with the rental contract, and of the company on allegations that he had a verbal contract with the company for water which the company had breached. The suit was dismissed as to Holt, and the company answered by general denial. A trial by jury resulted in a verdict and judgment for plaintiff, and the company has appealed.

In the view we take of the case it is unnecessary to notice the many assignments of error addressed to the conduct of the trial. There is one defect in the case which appeals to us as absolutely conclusive of plaintiff's rights. He has sued upon a contract to furnish water. His own testimony shows that he had no more than a promise of a contract, which, when tendered, he refused to accept. This renders immaterial the assignments addressed to the question of Le Tulle's authority to contract. The complete answer to the suit is that he promised no more

than that at a later time his company would contract. The contract tendered the plaintiff refused to accept. The contract thus tendered him is not assailed in the pleading as one the company was without lawful right to require, but seems to have been of the same character as those required of other tenants. It is manifest that this proof utterly fails to sustain the suit upon a contract.

It may be that this conclusion finally determines the contentions of plaintiff, but as he may have a cause of action growing out of his reliance upon the representations of agents of the company, we remand the cause for such further action as the plaintiff may see fit to take in an effort to establish his possible rights.

*Reversed and Remanded.*